UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| COREY LEE MOORE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:24-CV-00051-JRG-JEM |
| WARDEN CHANCE LEEDS, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a self-represented prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1] and his application to proceed *in forma pauperis* [Doc. 4]. Because it is apparent from Petitioner's application and supporting documents that he lacks the financial resources to pay the filing fee without undue hardship, his motion [Doc. 4] is **GRANTED**.[1]

The petition is before the Court for an initial review. *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule"). Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[]." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.") (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Here, the petition states that Petitioner pleaded guilty to first-degree murder in the Criminal Court of Sullivan County, Tennessee, and that he was sentenced to life imprisonment [Doc. 1].[2] But the petition

---

[1] When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).

[2] Petitioner does not identify the date(s) of his guilty plea or sentence [*See generally id.*].

also indicates that Petitioner has appealed the trial court's denial of post-conviction relief, and that the appeal remains pending [*See id*. at 2]. That assertion is confirmed by a review of the publicly available online records of the Tennessee appellate courts. *See* Tenn. State Courts, *Appellate Case Search*, https://pch.tncourts.gov/ (search by case no. "E2023-01576-CCA-R3-PC") (last visited Feb. 7, 2024).[3]

Typically, a state prisoner must exhaust all available state court remedies to obtain review through a federal habeas action. 28 U.S.C. § 2254(b)(1)(A). And to satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one completed round of the State's established appellate review process." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Because of the statutory mandate requiring exhaustion, courts have the "authority to raise and consider the issue of exhaustion *sua sponte*[.]" *Id*. at 436 (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)).

Petitioner bears the burden of demonstrating that his state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 166, 160 (6th Cir. 1994) (citation omitted). As Petitioner's post-conviction proceedings are pending in the Tennessee Court of Criminal Appeals, he has not met that burden. Accordingly, the Court cannot review the merits of his petition at this time.

For the reasons set forth above, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another federal habeas petition after his state-court remedies have been exhausted.[4]

---

[3] The Court may take judicial notice of information provided by a public authority. *See* Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 902(5) (providing that "official publications" are self-authenticating) and *Williams v. Long*, 585 F. Supp. 2d 679, 688 n.4 (D. Md. 2008) (finding public authority's act of posting information on Internet is an act of publication under Rule 902(5)).

[4] Petitioner does not request that the Court stay these proceedings while his state-court remedies are exhausted [*See generally* Doc. 1]. And Petitioner has not demonstrated "good cause" for his "failure to exhaust his claims first in state court" so as to warrant a stay of these proceedings. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (addressing

Because this ruling constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability[.]" Habeas Rule 11(a). A certificate of appealability ("COA") should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's procedural ruling, a COA is **DENIED**.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ISSUE.**

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

stay-and-abeyance procedure in "mixed petition" cases). Moreover, assuming Petitioner's post-conviction appeal is properly filed, it will toll the federal statute of limitations while it remains pending. *See* 28 U.S.C. § 2244(d)(2). Therefore, the Court finds no reason to stay the petition and hold further proceedings in abeyance.